ANN GRIEVES vs. THOMAS KEANE.

PROVIDENCE—JUNE 26, 1901.

PRESENT: Stiness, C. J., Tillinghast and Rogers, JJ.

(1)  *Garnishment.  Trusts.*

A sum of money was placed by B. in the hands of C. to be paid to D.  D.
had not authorized C. to receive the money.  Subsequently an action
was brought against D., and the fund was garnished in the hands of C.
as trustee for D.

*Held*, that the garnishee was properly charged.  A trust was fully consti-
tuted in C. by the transfer of the money, which unless rejected by D.
could not be revoked by B.

*Held*, further, that the fact that D., when notified by the writ that C.
was served as his trustee, did not answer the case or make objection
to the charging of C. was an acquiescence in the trust equivalent to an
assent.

ASSUMPSIT on book-account.    The facts are fully stated in
the opinion.    Heard on exception of a garnishee to the ruling
of a District Court charging him as trustee of the defendant.
Exceptions overruled.

STINESS, C. J.    The plaintiff in this case recovered a judg-
ment against the defendant, and Franklin P. Owen was
charged as trustee of said defendant in the District Court of
the Sixth Judicial District.    The defendant did not answer the
case, but the trustee files exceptions to the ruling of the court
in charging him upon his affidavit.    The affidavit set forth:

(1)  "That at the time of the service on me of the copy of the
writ in said case for the purpose of attaching the personal es-
tate of the said defendant in my hands and possession, there
was in my hands and possession the sum of one hundred and
twenty-five dollars, under the following circumstances.    I
was one of the counsel for Owen Trainor in the case against
the Union Railroad Company for damages, and in the settle-
ment of said case it was provided that the above sum be placed
in my hands for the purpose of paying Dr. Thomas Keane for
services rendered as a physician to said Owen Trainor, on ac-
count of the injuries received in an accident caused by said
Union Railroad Company.

"I have never received any authority from said Dr. Thomas Keane to receive said money, and therefore leave it to the court to say whether I am trustee for said Dr. Thomas Keane and liable to garnishment in this case."

It thus appears that Owen holds the money as trustee for Keane. Assuming that as to Keane it is a purely voluntary trust, since there is no evidence whether it was so placed with or without his knowledge and assent, nevertheless we think that the garnishee was properly charged. A trust was fully constituted in Owen by the transfer of the money as disclosed, and the Union Railroad Company could not by itself revoke it. *Atkinson, Pet.*, 16 R. I. 413; *Ray* v. *Simmons*, 11 R. I. 266.

In *Stone* v. *King*, 7 R. I. 358, it was held that unless the *cestuis que trust* expressly reject the provisions of a trust for their benefit they are presumed to accept them, and that this rule holds in Rhode Island in all cases. The acceptance of a trust by the beneficiary makes the trust complete beyond a mere presumption.

While in this case there is no direct evidence of an acceptance, yet Dr. Keane's conduct in this case must be taken as an acquiescence equivalent to an assent. He certainly did not object to the trust when he had the opportunity and duty to do so. He was notified by the writ that Owen was served as his trustee, even if he had no other information of the trust. He neither answered the case nor made objection to the charging of Owen as his trustee. He does not even object to it now. If he intended to refuse the trust for his benefit, he should have done so in this case; for, otherwise, to hold that Owen is not chargeable as his trustee would release said fund from attachment, and then afterwards he could claim the money from Owen under the trust, thus depriving the plaintiff of the benefit of an attachment to which she was in fact entitled.

We think it is clear that Owen was properly charged, both on the ground of presumption and acquiescence by the defendant.

Exceptions overruled, and case remitted.

*Page & Page and Cushing,* for plaintiff.

*F. P. Owen, pro se.*